Victor Manuel AGUILAR–ORELLANA, AKA Victor Aguilar, AKA Victor Manuel Orellana Aguilar, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 14-72683

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

Filed August 3, 2016

Richard Miyamoto, Attorney, Phung, Miyamoto & Diaz, LLP, Los Angeles, CA, for Petitioner

William Clark Minick, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Victor Manuel Aguilar–Orellana, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). Our juris-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

941

diction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Aguilar–Orellana failed to establish his past experiences with gang members in El Salvador rose to the level of persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003), or that it is more likely than not he would be persecuted in El Salvador on account of a protected ground, *see Parussimova v. Mukasey*, 555 F.3d 734, 740–41 (9th Cir. 2009). We lack jurisdiction to consider the particular social group Aguilar–Orellana proposes for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (petitioner must exhaust claim in administrative proceedings below). Thus, Aguilar–Orellana's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of Aguilar–Orellana's CAT claim because he failed to establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.